IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-00868-PAB-CBS

MARIA GALLARDO and
D.R.G., a minor child by and through
her natural mother and next best friend, MARIA GALLARDO,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.

_____

## ORDER
_____

This matter is before the Court on the motion to strike cumulative expert testimony [Docket No. 100] filed by defendant United States of America. The motion is fully briefed and ripe for disposition.

This case arises out of an injury suffered by D.R.G. during her birth. A fifteen-day trial to the Court is scheduled to commence on April 9, 2012. In the present motion, the United States "requests that the Court limit Plaintiff to calling one obstetrical expert on standard of care," Docket No. 100 at 1, contending that plaintiff has identified three expert witnesses to testify at trial on the standard of care. The United States argues that a second and third witness on the standard of care would constitute cumulative evidence that should be excluded pursuant to Fed. R. Evid. 403.[1]  Plaintiff

---

[1] The United States raised this issue during a July 22, 2011 status conference. The Court determined that resolution of the issue by motion was preferable and granted the United States leave to file the present motion within twenty days. *See* Docket No. 98 at 2.

points out that only two of the three witnesses, an obstetrician and a fetal medicine expert, identified by the United States have been identified as "will call" witnesses in the final pretrial order. The third expert witness is identified as a "may call" witness, and plaintiff represents to the Court that he would only testify if the first obstetrician were unavailable. Regardless of the number of witnesses identified, however, the Court concludes that the United States' request is premature and, in any event, inadequately supported.

Rule 403 provides that the "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "The district court has considerable discretion in performing the Rule 403 balancing test." *United States v. Tan*, 254 F.3d 1204, 1211 (10th Cir. 2001); *see Thompson v. State Farm Fire and Cas. Co.*, 34 F.3d 932, 941 (10th Cir. 1994) ("Expert testimony, like any other evidence, is subject to exclusion if it fails the Fed. R. Evid. 403 balancing test."). Here, the United States requests that the Court engage in evidence-driven balancing pursuant to Fed. R. Evid. 403 before any evidence has been presented. The Court's Practice Standards make clear that "[m]otions in limine are discouraged when the motion is evidence driven and cannot be resolved until evidence is presented at trial." Practice Standards (Civil cases), Judge Philip A. Brimmer § III.E. ("Instead, the issue can be flagged in a trial brief."); *id.* § IV.H. ("Please flag evidentiary issues in a trial brief rather than by motion in limine."). The Court concludes that the context-specific nature of trial evidence requires denial of the United States' motion. *See United States v. Cheely,* 814 F. Supp. 1430,

1446 (D. Alaska 1992) ("The trial judge will have to balance probative value against possible prejudice in the context of the trial and the issues as they develop."); *see also United States v. Jamil*, 707 F.2d 638, 643 (2d Cir. 1983) ("At this stage of the litigation, when the trial has not yet commenced and no evidence has yet been put before a jury, it is premature to conclude that this evidence is cumulative."); *In re Oil Spill by Oil Rig Deepwater Horizon in Gulf of Mexico*, 2012 WL 395048, at *4 (E.D. La. Feb. 7, 2012) ("[A]ny ruling regarding concerns of cumulative evidence, undue delay, or a waste of time should not be made before trial based only on the consideration of evidence that BP *anticipates* will be introduced.") (emphasis in original); *Estate of Carlock ex rel. Andreatta-Carlock v. Williamson*, 2010 WL 4876585, at *2 (C.D. Ill Nov. 17, 2010) ("[T]he precise nature of . . . [the] potential testimony is yet to be seen. Any evidentiary rulings pertaining to the substance of his potential testimony, such as any challenges under Fed.R.Evid. 403, would be premature at this stage.").

Furthermore, the United States has failed to specifically detail the evidence it expects will be cumulative. Rather, the United States simply points out that plaintiff may call more than one expert to testify regarding the "standard of care." At this time, there is no basis to conclude that the testimony of the other witnesses will be so cumulative as to substantially outweigh its probative value.

For the foregoing reasons, it is

**ORDERED** that motion to strike cumulative expert testimony [Docket No. 100] filed by defendant United States of America is DENIED without prejudice to the assertion of appropriate objections at trial.

DATED March 1, 2012.

                              BY THE COURT:

                              s/Philip A. Brimmer
                              PHILIP A. BRIMMER
                              United States District Judge