IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-00868-PAB-CBS

MARIA GALLARDO and
D.R.G., a minor child by and through
her natural mother and next best friend, MARIA GALLARDO,

      Plaintiffs,

v.

UNITED STATES OF AMERICA,

      Defendant.

_____

**ORDER**

_____

This case arises out of an injury suffered by D.R.G. during her birth.  Plaintiffs

contend that the obstetrician who delivered D.R.G. provided medical care that fell below

the applicable standard of care.  A trial to the Court is scheduled to commence on April

9, 2012.  This matter is before the Court on defendant United States of America's

motion to exclude the testimony of Patricia Fedorka, Ph.D, R.N. [Docket No. 157]

pursuant to Fed. R. Evid. 702.

The United States does not challenge the qualifications or reliability of the

opinions Dr. Fedorka might offer.  Rather, it contends that, because those opinions

relate to nursing care and because the conduct of the nurses is no longer at issue in

this case, Dr. Fedorka's opinions are irrelevant.  *See* Docket No. 157 at 4.[1]  Although

---

[1]Plaintiffs argue that Dr. Fedorka's opinions are still potentially of consequence in resolving the present action.  *See* Docket No. 168 at 4-6.

framed as a challenge pursuant to Rule 702,[2] defendant's motion is better understood as a challenge pursuant to Fed. R. Evid. 401, which provides that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.  Consequently, the Court concludes that its "gatekeeper function" in the context of a Rule 702 challenge has not been implicated, *United States v. Gabaldon*, 389 F.3d 1090, 1098 (10th Cir. 2004), and the Court declines to exclude Dr. Fedorka's testimony pursuant to Rule 401 before it is offered in the context of trial.

Consequently, it is

**ORDERED** that the United States' motion to exclude the testimony of Patricia Fedorka, Ph.D, R.N. [Docket No. 157] pursuant to Fed. R. Evid. 702 is DENIED.

DATED March 29, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[2]Pursuant to Federal Rule of Evidence 702,
[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
(b) the testimony is based on sufficient facts or data;
(c) the testimony is the product of reliable principles and methods; and
(d) the expert has reliably applied the principles and methods to the facts of the case.
Fed. R. Evid. 702 (2011).