IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-00868-PAB-CBS

MARIA GALLARDO and
D.R.G., a minor child by and through
her natural mother and next best friend, MARIA GALLARDO,

      Plaintiffs,

v.

UNITED STATES OF AMERICA,

      Defendant.

_____

**ORDER**
_____

This matter is before the Court on Plaintiffs' Motion Pursuant to 28 U.S.C.

§ 753(f) [Docket No. 214]. The motion is fully briefed and ripe for disposition.

Plaintiffs Maria Gallardo and her minor daughter, D.R.G., brought this case

against the United States of America ("United States") and the City of Colorado Springs,

Colorado,[1] pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680. Ms.

Gallardo alleged that medical staff at Memorial Hospital in Colorado Springs were

negligent in delivering D.R.G. and, as a result, she was born with permanent disabling

brain damage. Amended Complaint [Docket No. 88]. After a ten-day bench trial, the

Court found that the United States had not breached the standard of care and thus was

not liable for D.R.G.'s injuries. Docket No. 192 at 30. Plaintiffs filed a motion for leave

to proceed in forma pauperis on appeal, pursuant to 28 U.S.C. § 1915 and Federal

_____

[1] On July 8, 2011, all claims against Colorado Springs were dismissed with
prejudice pursuant to a settlement agreement. Docket No. 92.

Rule of Appellate Procedure 24, Docket No. 208, which the Court granted.  Docket No.

213.  On appeal, plaintiffs raise three issues:

1. Whether the court failed to apply the correct standard of care for Colorado medical negligence cases when it: a) required Plaintiffs to prove the standard of care using extrinsic evidence; b) required Plaintiffs to prove the standard of care was generally accepted; and c) the court applied a subjective rather than objective standard.

2. Whether the following factual findings were clearly erroneous: a) the court's finding that Dr. McCutcheon conducted an exam of Ms. Gallardo when Dr. McCutcheon did not perform an exam; b) the court's conclusion that Dr. McCutcheon's assumption of a baseline heart rate was reasoned interpretation; and c) the court's conclusion there was disagreement among Plaintiff's experts regarding electronic fetal monitoring ("EFM") even though the uncontroverted testimony concerning the use of EFM showed all doctors agreed on the issue.

3. Whether the court erred by allowing evidence of a standard of care that did not exist until two and a half years after the medical negligence occurred in this case.

Appellants' Opening Brief at 8-9, *Gallardo v. United States of America*, No. 12-1325

(10th Cir. Jan. 28, 2013).  Plaintiffs now move the Court to order the United States to

pay for transcripts on appeal, pursuant to 28 U.S.C. § 753.  Docket No. 214.

Section 753 of Title 28 provides that "[f]ees for transcripts furnished . . . to

persons permitted to appeal in forma pauperis shall also be paid by the United States if

the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a

substantial question)."  A "substantial question" is "a close question or one that very well

could be decided the other way."  *United States v. Affleck*, 765 F.2d 944, 952 (10th Cir.

1985) (internal citations omitted).  It has also been defined as "a significant issue that is

unique or unusual or reasonably debatable."  *Evans v. City of Tulsa*, 951 F.2d 1258,

1992 WL 2882, at *3 (10th Cir. Jan. 7, 1992).  Section 1915 of Title 28 provides that a

district court may authorize an appeal "without prepayment of fees or security therefor,

by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor."  A party may not proceed in forma pauperis on appeal "if the trial court certifies in writing that it is not taken in good faith."  28 U.S.C. § 1915(a)(3).

The United States argues that plaintiffs' appeal is frivolous because plaintiffs did not object at trial to the admission of exhibits regarding the post-delivery standard of care, the challenged exhibits[2] do not relate to the standard of care but only to nomenclature, and the Court's order demonstrates that it applied the correct standard of care.  Docket No. 220.  These arguments disregard several other grounds upon which plaintiffs base their appeal, namely, that the Court (1) applied a subjective standard of care and (2) made several findings of fact that were clearly erroneous.  Appellants' Opening Brief at 8-9.  As plaintiffs' appeal does not hinge exclusively on the admission of the challenged exhibits, any failure to object at trial to those particular exhibits does not dispose of the motion at hand.

Moreover, plaintiffs' appeal demonstrates that the question of whether the Court applied the correct standard of care is "reasonably debatable" and thus substantial.  *See Evans*, 1992 WL 2882, at *3.  It is not the case that plaintiffs have "not challenged any of the district court's specific factual findings," *Blair v. Alaskan Copper & Brass Co.*, 401 F. App'x 228, 229 (9th Cir. 2010); "fail[] to point to any evidentiary or other rulings by the district court that might give rise to reversible error," *McIntosh v. Green*, 82 F. App'x 654, 656 (10th Cir. 2003); "make[] conclusory statements that sufficient evidence

---

[2] Specifically, plaintiffs' appeal challenges the admission of a January 10, 2012 UpToDate article and ACOG Practice Bulletin 106 published in 2009.  Docket No. 214 at 2-3.

support[] [their] allegations," *Garner v. Johnson*, 12 F. App'x 862, 864 (10th Cir. 2001);

"[have] made only vague, conclusory allegations," *U.S. v. Woodward*, 896 F. Supp.

1078, 1080 (D. Kan. 1995); or do not need a transcript to resolve the issues on appeal,

*Patel v. Wooten*, 264 F. App'x 755, 758 (10th Cir. 2008).

      Rather, plaintiffs' appeal cites specific factual findings and relevant case law as

support for the proposition that the Court made erroneous findings and applied the

wrong legal standard.  *See, e.g.*, Appellants' Brief at 18-19 ("In its summary, the Court

posits that Dr. Hall and Dr. Ross are in disagreement because Dr. Hall would have

considered an operative delivery at 11:00 p.m. and Dr. Ross opined that intervention

needed to occur after the first push at 12:42 a.m.  (Applt. App. at Order, pp. 15-16)  But

Dr. Hall agreed with Dr. Ross that intervention needed to occur after the first push.

(Applt. App. Tr. 4/9/12 pp. 213:20-215:15).");  Appellant's Brief at 28-29.

      As plaintiffs are "dealing with a lengthy and complex proceeding, . . . a written

transcript of the testimony and evidence adduced before the [Court] is an essential tool

for the effective and efficient review of the [Court's] determination."  *Militello v. Bd. of*

*Educ. of City of Union City*, 803 F. Supp. 974, 978 (D. N.J. 1992).  Accordingly, denying

plaintiffs access to transcripts on appeal would "force [the litigants] to abandon what

may be a meritorious claim in order to spare [themselves] complete destitution,"

contrary to the purpose of 28 U.S.C. § 1915.  *Adkins v. E.I. DuPont de Nemours & Co.*,

335 U.S. 331, 340 (1948).  In sum, plaintiffs' appeal is not frivolous, raises a substantial

question, and cannot be properly asserted without access to transcripts of the trial.

      For the foregoing reasons, it is

**ORDERED** that Plaintiffs' Motion Pursuant to 28 U.S.C. § 753(f) [Docket No. 214] is GRANTED. It is further

**ORDERED** that the United States of America shall pay the costs of transcripts necessary for plaintiffs' appeal.

DATED February 5, 2013.

BY THE COURT:

s/Philip A. Brimmer

PHILIP A. BRIMMER
United States District Judge