IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-00868-PAB-CBS

MARIA GALLARDO and
D.R.G., a minor child by and through
her natural mother and next best friend, MARIA GALLARDO,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.

_____

**ORDER**
_____

    This matter is before the Court on Plaintiffs' Objection to Taxation of Costs [Docket No. 204].

    Plaintiffs Maria Gallardo and her minor daughter, D.R.G., brought this case against the United States of America ("United States") and the City of Colorado Springs, Colorado,[1] pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680. Ms. Gallardo alleged that medical staff at Memorial Hospital in Colorado Springs were negligent in delivering D.R.G. and, as a result, she was born with permanent disabling brain damage. Amended Complaint [Docket No. 88]. After a ten-day bench trial, the Court found that the United States had not breached the standard of care and thus was not liable for D.R.G.'s injuries. Docket No. 192 at 30. The Court entered judgment in favor of the United States and awarded costs. Final Judgment [Docket No. 193] at 1.

---

    [1] On July 8, 2011, all claims against Colorado Springs were dismissed with prejudice pursuant to a settlement agreement. Docket No. 92.

The United States submitted a proposed bill of costs [Docket No. 194], which the Clerk of Court taxed against plaintiffs in the amount of $19,547.46 [Docket No. 199]. Plaintiffs filed timely objections to the taxation of costs.[2]  Docket No. 204.

Federal Rule of Civil Procedure 54(d)(1) states that, "unless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party."  This rule creates a presumption that the district court will award the prevailing party its costs, placing the burden on the non-prevailing party seeking to overcome the presumption. *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004).  "When a district court exercises its discretion and denies costs to a prevailing party, it must provide a valid reason for the denial." *Id*.  Other circuits have held that a district court does not abuse its discretion in denying costs when (1) the prevailing party was obstructive and acted in bad faith during the course of litigation; (2) only nominal damages are awarded; (3) the issues were close and difficult; (4) the costs are unreasonably high or unnecessary; or (5) the non-prevailing party is indigent. *Id*. (internal citations omitted).

Plaintiffs argue that the Court should deny costs because they are indigent and because the issues in the case were close and difficult.  Docket No. 204 at 1.  Plaintiffs submitted an affidavit [Docket No. 209-2] indicating that Ms. Gallardo's sole monthly income is $503.00 in supplemental security income and $360.00 in food stamps.[3]  This

---

[2] The Court construes this filing as a motion for review of the taxation of costs pursuant to Federal Rule of Civil Procedure 54(d)(1).

[3] An earlier affidavit incorrectly listed $360.00 as a weekly benefit when it is actually a monthly benefit, *see* Docket No. 200, but this error was corrected.  *See* Docket No. 209-2 at 2.

income must cover all expenses for Ms. Gallardo and her other school-age daughter, other than rent and utilities, which are paid by a special needs trust that was created for D.R.G. from the proceeds of plaintiffs' settlement.  *See* Order Creating Trust and for Transfer of Settlement to Trust [Docket No. 209-1] at 1.  The United States argues that this evidence is insufficient to show that plaintiffs are unable to pay costs.  Docket No. 207 at 3-6.

First, the United States argues that, because plaintiffs did not submit the terms of the trust with their objections, there is no evidence that they would be unable to pay the costs out of the trust estate.  Docket No. 207 at 3.  Plaintiffs responded by filing a copy of the trust's terms with their reply brief.  Docket No. 209-1.  The trust states that it was created for the "sole benefit" of D.R.G., Docket No. 209-1 at 3, art. 1.00, and that all distributions from the trust must be "in the best interests of the Beneficiary."  Docket No. 209-1 at 4-5, § 5.02(b).  In addition, the terms of the trust establish that the trust estate is inalienable:

> No beneficiary shall have any right to anticipate, sell, assign, mortgage, pledge or otherwise dispose of or encumber all or any part of the trust estate nor shall any part of the trust estate including income, be liable for the debts or obligations, including alimony, of any beneficiary or be subject to attachment, garnishment, execution, creditor's bill or other legal or equitable process.

Docket No. 209-1 at 7, § 9.02.  According to its terms, the trust is not to be liable on any debt incurred by D.R.G. and thus it appears that the United States may not enforce any obligation to pay costs against the trust.

The United States' second argument is that plaintiffs' affidavits do not establish that they are indigent.  Docket No. 207 at 4-5.  Specifically, the United States argues

3

that the affidavits indicate that Ms. Gallardo has $453 "extra per month, after all bills are paid." Docket No. 207 at 5. However, this "extra" money must cover all other family expenses. *See* Docket No. 209 at 2 ("This does not include any money for clothing, washing clothes, haircuts, household supplies, or school supplies for the middle daughter. It does not include any money beyond the $360 in food stamps for food."). Taking into account the expenses of a mother raising a daughter, plaintiffs have demonstrated they do not have "extra" money.

The United States further argues that Ms. Gallardo could use D.R.G.'s trust to pay a caretaker and thus that her "decision not to work is a choice, not a requirement." Docket No. 207 at 5-6. However, evidence at trial established that D.R.G. is in need of continuous care and that Ms. Gallardo has encountered difficulties in finding providers who can care for D.R.G. in the way she is able to look after her daughter's needs. The value of Ms. Gallardo's care as compared to what she could earn in outside income, given her lack of education and limited English, is disproportionate to the cost of replacing her services with third party care paid for through the trust. The result of her working outside the home would be the rapid depletion of the trust's corpus.

As the Court finds that plaintiffs are indigent, it is within the Court's discretion to deny an award of costs. *See Cantrell v. Int'l Bhd. of Elec. Workers*, 69 F.3d 456, 459 (10th Cir. 1995).

For the foregoing reasons, it is

**ORDERED** that Plaintiffs' Objection to Taxation of Costs [Docket No. 204] is GRANTED. It is further

**ORDERED** that each party shall bear its own costs.

DATED February 12, 2013.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge